# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 15, 2012

Lyle W. Cayce
Clerk

No. 12-30074
Summary Calendar

THOMAS HOLT,

Plaintiff-Appellee

v.

MILTON ALEXANDER, Individually and In His Official Capacity as a
Parole/Probation Officer Employed by the State of Louisiana through the
Department of Public Safety and Corrections; STATE OF LOUISIANA, Through
the Department of Public Safety and Corrections,

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CR-721

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

This interlocutory appeal arises from the district court's denial of the
Defendants-Appellants' motion for summary judgment. We affirm in part and
dismiss in part.

In 1998, Thomas Holt pleaded guilty to aggravated battery and was
sentenced to a probated five-year term of incarceration. In 2000, a warrant for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Holt's arrest was issued based on allegations of probation violations, but he was not arrested until 2005. Milton Alexander, Holt's probation officer, then moved to revoke Holt's probation. During a state court revocation hearing in July 2005, Holt admitted the allegations against him, after which his five-year sentence was made executory, and he was remanded to custody. The Louisiana Supreme Court ordered an evidentiary hearing to determine whether Holt's probationary term had lapsed and expired in 2003. That hearing was held in December 2005, and the trial court vacated its revocation order. Shortly thereafter, Holt was released.

Holt filed a civil action in state court alleging a violation of his constitutional rights. After his complaint was removed to federal court, the Defendants-Appellants moved for summary judgment. They contended that, under Article 899(D) of the Louisiana Code of Criminal Procedure, the running of Holt's probationary period was automatically suspended in March 2000 when the warrant for his arrest issued. The Defendants-Appellants reason that Alexander's motion to revoke Holt's probation was timely and proper in light of Article 899(D)'s suspensive effect. The district court denied the motion for summary judgment, which was based on the affirmative defense of qualified immunity.

The denial of a motion for summary judgment based on qualified immunity is one of the limited types of collateral orders that are susceptible of immediate review. *Juarez v. Aguilar*, 666 F.3d 325, 331 (5th Cir. 2011). A district court's order denying summary judgment based on qualified immunity has two components: "[F]irst, the decision that a 'certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law'; and second, the decision that a 'genuine issue of fact exists regarding whether the defendant(s) did, in fact, engage in such conduct.'" *Id.* Our jurisdiction over such an order is limited in scope. *See id.* We may review only the first of these two components, viz., a district court's legal determination

that a particular course of conduct would be objectively unreasonable as a matter of law, which determination we review de novo. *Id.* By contrast, we lack jurisdiction to review the second component, viz., a district court's determination that a genuine factual issue exists as to whether a defendant who claims such immunity engaged in a course of conduct that was objectively unreasonable. *Id.*

Substantive due process "bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (internal quotation marks and citation omitted). An unreasonable delay may violate the due process requirement that revocation hearings comport with principles of fundamental fairness. *See United States v. Tyler*, 605 F.2d 851, 853 (5th Cir. 1979). Thus, to the extent that the Defendants-Appellants challenge the district court's legal determination that Holt established an alleged violation of his substantive due process rights, we have appellate jurisdiction, and we affirm the district court's order. We lack appellate jurisdiction, however, to review their challenge to the district court's determination that factual issues precluded it from determining whether the delay here was reasonable and whether the actions of the Defendants-Appellants were objectively unreasonable, so we dismiss their appeal of those aspects of the court's order. *See Juarez*, 666 F.3d at 331.

Accordingly, the order of the district court holding that Holt had established a substantive due process violation is affirmed, and the appeal of the of the court's rulings on qualified immunity is dismissed for lack of appellate jurisdiction.

AFFIRMED in part and DISMISSED in part.